■ In the Matter of Ruth G. Wirth, as Executrix of Ben Wirth, Deceased, Respondent, v. William Malter, Appellant.— Appeal from an order of a Special Term, County Court, Sullivan County. After an examination in supplementary proceedings personally before the Sullivan County Judge on June 27, June 30 and July 1, 1958, at which the appellant judgment debtor was represented by counsel, the County Court directed that installment payments be made under section 793 of the Civil Practice Act. On appeal it is stated that "there is no indication in this record of the date and amount of the alleged judgment or of the court in which it was obtained". To raise a question of this sort on appeal it is normally necessary to raise it first in the court below. Counsel for appellant made no objection of this sort before the County Court and the record before us opens with discussions of counsel on the merits of the application. Presumably the parties got into court by some process. Respondent attaches to her brief as an appendix a subpoena in supplementary proceedings which makes sufficient recitals as to the entry and amount of the judgment and directs appellant to appear on a stated day in the County Court for examination. The service of this process is not challenged by appellant on appeal. The implication that there was no process served reciting these facts which would flow from the argument of appellant

that there is "no indication" of the date and amount of the judgment "in this record" is unwarranted. Appellant himself, describing the various judgments against him said: " Also the present case." The direction for the payment of $12.50 a week for a two-month period and $7.50 a week thereafter is fully justified. The testimony by judgment debtor that although he is an experienced butcher and has an interest in a butcher shop in Florida; he works full time (50 hours a week) in the summer season for his wife as the owner of a butcher shop in Sullivan County at $25 a week and has no other income is incredible. There is proof that a butcher working for appellant's wife received $75 a week in the previous summer. The debtor's obligations to his family were sufficiently explored. To the question of how he paid his living expenses he answered: "I stay with my wife". As to what sources of income he used to support himself he replied: "My salary and my business down south." We think these and similar answers were designed to conceal the true financial situation of judgment debtor. In the month before his examination the appellant said he had issued checks for nearly $90, one of which was for $35 to a veterinary in Miami "for veterinary and kennel purposes". This check alone was the equivalent of 10 days' salary under appellant's testimony. It was precisely this kind of situation that section 793 of the Civil Practice Act was designed to reach. Order unanimously affirmed, with $10 costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.